**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMADEO MENDOZA DELGADO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 13-71723 <br><br> Agency No. A073-946-254 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Amadeo Mendoza Delgado, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's decision denying his application for asylum, withholding of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  We deny Mendoza Delgado's request for oral argument as set forth in his opening brief.

removal, and relief under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

In his opening brief, Mendoza Delgado fails to raise any arguments regarding his family as a protected ground. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the agency's determination that Mendoza Delgado failed to establish that any harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (rejecting petitioner's claim where he "provided no evidence that his

opposition to the gang's criminal activity was based on political opinion"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *see also Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'") (citation omitted)). Thus, Mendoza Delgado's asylum claim fails.

In this case, because Mendoza Delgado failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of Mendoza Delgado's CAT claim because he did not demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**